# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  50990-3-II |
| Respondent, | |
| v. | |
| CRYSTAL ELAINE CURTIS, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, A.C.J. — Crystal E. Curtis appeals her conviction for third degree assault of a law enforcement officer.  She argues that her conviction rests on insufficient evidence because her touching of the officer was not harmful or offensive and the officer did not sustain any physical injuries as a result of her contact.  We affirm.

## FACTS

In February 2017, Deputy Robin Ternus of the Clark County Sheriff's Office responded to a report of domestic violence involving Crystal Curtis and Curtis's daughter.  Deputy Ternus arrived on scene and directed Curtis to a bedroom in the back of the house to discuss the incident. Curtis initially cooperated, but then decided to leave the room.  As she walked toward the door, Curtis approached Deputy Ternus and shoved him in the chest with both of her hands.  Deputy Ternus arrested Curtis for assault.  The State charged Curtis with third degree assault of a law enforcement officer based on her contact with Deputy Ternus.[1]

---

[1] The State also charged Curtis with fourth degree assault with a domestic violence designation based on her contact with her daughter.  However, the fourth degree assault conviction is not at issue in this appeal.

At trial, Deputy Ternus testified to the facts discussed above. On cross-examination, Deputy Ternus admitted that he did not lose his balance or sustain any injuries as a result of Curtis's contact with him.

Curtis also testified at trial and denied shoving Deputy Ternus with both hands. Curtis claimed that she placed three fingers on Deputy Ternus's chest and politely asked him to move out of her way.

The jury instructions defined assault in part as "an intentional touching or striking of another person, with unlawful force, that is harmful or offensive regardless of whether any physical injury is done to the person." Clerk's Papers (CP) at 17. The jury was further instructed that "[a] touching or striking is offensive if the touching or striking would offend an ordinary person who is not unduly sensitive." CP at 17. The jury found Curtis guilty as charged.

Curtis appeals.

ANALYSIS

Curtis argues that the State presented insufficient evidence to support her third degree assault conviction because the touching was not harmful or offensive and Deputy Ternus did not suffer any physical injuries when Curtis shoved him in the chest. We disagree.

We review a challenge to the sufficiency of the evidence de novo. *State v. Berg*, 181 Wn.2d 857, 867, 337 P.3d 310 (2014). "The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). An insufficiency claim admits the truth of the State's evidence and all reasonable inferences that can be drawn from that evidence. *Id.* All such inferences "must be

drawn in favor of the State and interpreted most strongly against the defendant." *Id.* Direct and circumstantial evidence are equally reliable. *State v. Farnsworth*, 185 Wn.2d 768, 775, 374 P.3d 1152 (2016). And we defer to the trier of fact on issues of conflicting testimony, witness credibility, and the persuasiveness of evidence. *State v. Ague-Masters*, 138 Wn. App. 86, 102, 156 P.3d 265 (2007).

A person commits third degree assault if he or she "[a]ssaults a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties at the time of the assault." RCW 9A.36.031(1)(g). "Assault is an intentional touching or striking of another person that is harmful or offensive, regardless of whether it results in physical injury." *State v. Tyler*, 138 Wn. App. 120, 130, 155 P.3d 1002 (2007). A touching is " 'offensive' " if it would offend an ordinary person who is not unduly sensitive. *State v. Villanueva-Gonzalez*, 180 Wn.2d 975, 982, 329 P.3d 78 (2014).

Curtis argues that there is insufficient evidence to support her conviction because her touching Deputy Ternus was not harmful or offensive. She argues that the State presented no evidence that the contact was offensive because Deputy Ternus was not injured, did not lose his balance, and was not touched in a sensitive or intimate body part. However, Curtis provides no support for her argument that an offensive contact must include any of these qualities. The applicable test is whether an ordinary person would find the touching offensive. *Villanueva-Gonzalez*, 180 Wn.2d at 982. A rational jury could have found beyond a reasonable doubt that an ordinary person would be offended at being purposefully pushed in the chest with two hands in the manner described in Deputy Ternus's testimony.

Curtis also argues that there is insufficient evidence to support her conviction because she did not shove Deputy Ternus "hard enough" for him to lose his balance or suffer any resulting injuries. Br. of Appellant at 10. However, as explained above, a touch may be offensive even if it does not result in physical injury. Here, Deputy Ternus testified that Curtis shoved his chest with both of her hands. Viewing this testimony and all reasonable inferences therefrom in the light most favorable to the State, a rational fact finder could have found beyond a reasonable doubt that Curtis's act of shoving Deputy Ternus in the chest with both of her hands was an offensive intentional touching. Accordingly, Curtis's sufficiency argument fails.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

                                                     , A.C.J.

Lee, A.C.J.

We concur:

Worswick, J.

Glasgow, J.